## THE CICERO AND PROVISO STREET RAILWAY COMPANY

*v.*

## LUCY A. WOODRUFF.

*Opinion filed October 24, 1901.*

This case is controlled by the decision in *Chicago City Railway Co.* v. *Olis, (ante, p. 514.)*

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

GRAHAM H. HARRIS, (W. W. GURLEY, and JOHN A. ROSE, of counsel,) for appellant.

JOHN F. WATERS, and C. HELMER JOHNSON, for appellee.

Per CURIAM: The Appellate Court for the First District affirmed the judgment entered in the circuit court of Cook county in the sum of $10,000 in favor of the appellee and against the appellant company, and this appeal seeks reversal of such judgment of affirmance.

The declaration was in case for the recovery of damages for personal injuries sustained by appellee in a collision of appellant's trains, on one of which appellee was a passenger.

The errors relied upon for reversal are that the court erroneously modified two instructions asked in behalf of the appellant company. The instructions as given are as follows:

"If you believe, from the evidence, that any person who testified in this case has knowingly [*corruptly, intentionally*] and willfully testified falsely as to any matter or thing upon the existence or non-existence of which the right of the plaintiff to recover or the right of defendant to escape liability depend, or upon the existence or non-existence of which the amount of damages, if any, to be recovered by the plaintiff depends, then you are at liberty to entirely disregard the testimony of such person, except in so far as it may have been corroborated by evidence in the case which you believe to be true, or by circumstances shown by the evidence in the case which you believe to be true."

"The court instructs you that if you believe, from the evidence in the case, that any witness has [*willfully, corruptly, intentionally and*] knowingly testified falsely as to any material matter in the case, then you are at liberty to disregard the testimony of such witness entirely, except wherein it is corroborated by other credible testimony in the case or facts and circumstances in evidence."

As asked, the instructions did not contain the words printed in italics and enclosed in brackets in the instructions as above set forth.

The contention is, the court erred in modifying the instruction by the insertion of the word "corruptly." In *Chicago City Railway Co.* v. *Olis*, (*ante*, p. 514,) the precise question was presented for decision. We reached the conclusion the modification of the instruction did not constitute reversible error. On the authority of the decision in that cause, and for the reason given in the opinion filed in the case cited, the judgment of the Appellate Court in this cause is affirmed.               *Judgment affirmed.*